IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LexisNexis of Puerto Rico, Inc.**<br><br>Plaintiff<br><br>Vs<br><br>**Microjuris.com, Incorporated**<br><br>Defendant | **2009-cv-2223**<br><br>RE:<br><br>Copyright Violations<br>Tortuous Interference<br>Preliminary and Permanent Injunction<br>Damages |

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, LexisNexis of Puerto Rico, Inc., through the undersigned counsel of record, and respectfully states, alleges and prays as follows.

### I. Introduction

1. This is an action requesting injunctive relief and monetary damages for copyright infringement, under the Copyright Act, 17 U.S.C. §§101 et seq. This is also an action for unlawful contractual interference, under the provisions of Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141.

Case 3:09-cv-02223-JAF   Document 1   Filed 12/07/09   Page 2 of 9

Lexis-Nexis vs. Microjuris.com
**Complaint**
Page 2 of 9

## II. Jurisdiction and Venue

2. Subject Matter Jurisdiction is proper under 28 U.S.C. §§1331, 1338(a) and (b); and the Copyright Act, 17 U.S.C. §101. Supplemental jurisdiction for the Puerto Rico Law cause of action is also claimed under the provisions of 28 U.S.C. §1367.

3. Venue is proper in this Honorable Court under 28 U.S.C. §§1391(b)(1) and (2), as both Plaintiff and Defendant are Puerto Rico Corporations, and the principal events, which entitle Plaintiff to relief, occurred within the territorial boundaries of the Commonwealth of Puerto Rico.

## III. The Parties

4. Plaintiff, LexisNexis of Puerto Rico, Inc., is a corporation organized under the laws of the Commonwealth of Puerto Rico, with principal offices in Puerto Rico. Plaintiff's mailing address is 1095 Wilson Avenue, Suite 3, San Juan Puerto Rico 00907. Plaintiff's principal business is the editing, publication and distribution of legal research materials and legal research services. Plaintiff operates under the trade name "LexisNexis".

5. Defendant Microjuris.Com, Incorporated, is a corporation organized under the laws of the Commonwealth of Puerto Rico, with principal offices located at 351 Tetuán Street, Old San Juan Puerto Rico 00901.

Defendant principal business practice is to provide legal research materials and legal research services. Plaintiff operates under the trade name "Microjuris.com".

### IV.   Relevant Facts

6. Plaintiff owns the copyrights to the "Diccionario de Términos Jurídicos", a legal dictionary authored by Ignacio Rivera Garcia, Esq. Plaintiff owns these rights by virtue of an agreement with the author dated June 18, 1998, by which the author effectively transferred "all of Author's rights, title and interest" in the work to Plaintiff. Plaintiff's copyrights were registered with the Copyright Office, and specific mention of title to the copyright is made in the work.

7. Plaintiff is also the exclusive worldwide licensee for the electronic distribution and use of the Laws of Puerto Rico Annotated, in Spanish (the "Works"). Plaintiff was granted this license from the Puerto Rico State Department, who owns the copyright which is also registered with the U.S. Copyright Office, by virtue of several agreements, the latest dated December 15, 2006. Under these agreements, and in exchange for the editing, publishing, codification of the Laws of Puerto Rico, and their corresponding jurisprudential annotations, Plaintiff is the only person authorized to publish the Works in print and

Case 3:09-cv-02223-JAF   Document 1   Filed 12/07/09   Page 4 of 9

Lexis-Nexis vs. Microjuris.com
**Complaint**
Page 4 of 9

electronic form and to authorize others to use or distribute the Works. When Plaintiff authorizes third parties to use or distribute the Works, it receives royalties which it is contractually obligated to share with the Commonwealth.

8. Defendant is the owner of microjuris.com, a service competitive to Plaintiff's legal research services. Microjuris.com offers to paying subscribers a legal research service which offers access and use of the "Diccionario de Términos Jurídicos" and the Works.

9. On information and belief, Defendant also provides its subsidiaries and affiliates with "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated, who in kind make these publications available to their worldwide users.

10. Defendant advertises, by both physical and electronic means, that it has "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated, as part of its collection.

11. Defendant has never requested, and Plaintiff has never authorized the use by Defendant of "Diccionario de Términos Jurídicos" and the Works in any form, including but not limited to, through the microjuris.com website.

12. Defendant has never paid royalties to Plaintiff for the electronic use of "Diccionario de Términos Jurídicos" and the Works.

13. Plaintiff has made extrajudicial requests to Defendant to cease electronic publication of the Works, and Defendant has refused.

14. Plaintiff has offered Defendant an opportunity to enter into a License Agreement for the electronic use of Plaintiff's publications, and Defendant has refused.

### V.   First Cause of Action
### Injunctive Relief – Copyright – Tortuous Interference

15. Plaintiff adopts by reference the content of paragraphs 1-14, as if they were included herewith.

16. Defendant's use of the name "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated, as part of its advertising, to sell access to copyrighted material, for which it has not been authorized constitutes an unfair business practice, a violation of the Copyright Act, and tortuous interference with the agreements between Plaintiff and Ignacio Rivera, and Plaintiff and the Commonwealth of Puerto Rico.

17. Defendant's use of "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated, as part of its electronic legal research service, for which publication it has not been authorized constitutes an unfair business practice, a violation of the Copyright Act, and

Case 3:09-cv-02223-JAF   Document 1   Filed 12/07/09   Page 6 of 9

Lexis-Nexis vs. Microjuris.com
**Complaint**
Page 6 of 9

tortuous interference with the agreements between Plaintiff and Ignacio Rivera, and Plaintiff and the Commonwealth of Puerto Rico.

18. Defendant's income from the unauthorized use of "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated constitutes unjust enrichment, in violation of the Copyright Act, and tortuous interference with the agreements between Plaintiff and Ignacio Rivera, and Plaintiff and the Commonwealth of Puerto Rico.

19. Defendant's violations of law have caused, are causing and will continue to cause Plaintiff irreparable harm, for which there is no adequate remedy in law. These irreparable damages will continue to increase, if throughout the pendency of this action, Defendant is allowed and is not enjoined from the continued unauthorized use, and profit from "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated.

20. There is a substantial likelihood that Plaintiff will prevail on the merits, as Plaintiff has registered copyrights for "Diccionario de Términos Jurídicos", and contracts to be the exclusive worldwide licensee for the Laws of Puerto Rico Annotated.

21. The harm caused to Plaintiff surpasses the harm that would be caused to Defendant if the preliminary injunction was granted. The

balance of hardship inclines against Plaintiff, who is already suffering irreparable harm.

22. Issuance of the preliminary injunction will favor public interest, as copyrights must be respected, and agreements should not be obstructed by third parties.

23. Plaintiff is willing to post a bond in the amount the Court deems appropriate.

24. Plaintiff asks the Court to set a preliminary injunction hearing, at the earliest date available in the Court's calendar, and after said hearing, issues a preliminary injunction enjoining Defendant from the unauthorized use of "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated.

25. Plaintiff also asks the Court to set this application for injunctive relief for a full trial, and after which, to issue a permanent injunction enjoining Defendant from the unauthorized use of "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated.

### VI. Second Cause of Action
### Damages

26. Plaintiff adopts by reference the content of paragraphs 15-25, as if they were included herewith.

Case 3:09-cv-02223-JAF   Document 1   Filed 12/07/09   Page 8 of 9

Lexis-Nexis vs. Microjuris.com
**Complaint**
Page 8 of 9

27. Defendant's violations of law have caused, are causing and will continue to cause Plaintiff substantial monetary losses, which are described as loss of royalties, market share and goodwill.

28. Plaintiff monetary losses are the direct and logical consequence of Defendant's reiterated and flagrant violations of the Copyright Act, and tortuous interference with the agreements between Plaintiff and Ignacio Rivera, and Plaintiff and the Commonwealth of Puerto Rico.

29. Defendant's violations of the Copyright Act are willful.

30. Plaintiff is entitled to recovery of actual or statutory damages under the Copyright Act, whichever sum is greater, and actual damages under Article 1802 of the Puerto Rico Civil Code.

31. At this time actual damages are estimated to exceed **ONE MILLION DOLLARS**.

32. Plaintiff affirmatively alleges that Defendant's violations of the Copyright Act are of such a flagrant nature, that punitive damages are warranted. Defendant has acted with total disregard for the Copyright Act.

**WHEREFORE** Plaintiff respectfully requests this Honorable Court to:

    a) Issue preliminary and permanent injunctions enjoining Defendant, its agents, servants and related companies from the unauthorized use in advertising of "Diccionario de Términos

Case 3:09-cv-02223-JAF   Document 1   Filed 12/07/09   Page 9 of 9

Lexis-Nexis vs. Microjuris.com
**Complaint**
Page 9 of 9

    Jurídicos" and the Laws of Puerto Rico Annotated, including the citation abbreviation (LPRA).

b)  Issue preliminary and permanent injunctions enjoining Defendant, its agents, servants and related companies from the unauthorized publication of "Diccionario de Términos Jurídicos" and the Laws of Puerto Rico Annotated.

c)  Order Defendant to pay an amount equal to Plaintiff's actual or statutory damages for willful violation, whichever is greater, under 17 U.S.C. §504(b) and (c).

d)  Order Defendant to pay an amount equal to Plaintiff's actual damages for tortuous interference, under Article 1802 of the Puerto Rico Civil Code.

e)  Order Defendant to pay punitive damages.

f)  Order Defendant to pay Plaintiff's costs of litigation plus statutory attorneys' fess, under 17 U.S.C. §505.

g)  Issue such other relief the Court deems appropriate.

**RESPECTFULLY SUBMITTED**.

  In San Juan, Puerto Rico, this 7th day of December 2009.

           **S/César H. Soto Cintrón**
           **César H. Soto Cintrón**
           USDC Num. 210008
           P.O. Box 10723
           San Juan, PR 00922-0723
           Tel: (787) 620-1797
           Fax: (787) 620-1796
           fiscalcsc@hotmail.com